NO. 12-02-00014-CV



IN THE COURT OF APPEALS



TWELFTH COURT OF APPEALS DISTRICT



TYLER, TEXAS



§
 APPEAL FROM THE 



THE STATE OF TEXAS FOR THE BEST
§
 COUNTY COURT AT LAW OF

INTEREST AND PROTECTION OF W.C.,


§
 CHEROKEE COUNTY, TEXAS






PER CURIAM


 Appellant W.C. appeals the trial court's order to administer psychoactive medication. He
complains that there is neither legally nor factually sufficient evidence to support the order for
involuntary medication. We reverse and render.


Burden of Proof Section 574.106 of the Texas Health and Safety Code contains the criteria for a trial court
to order the administration of psychoactive medication. The court may authorize the involuntary
medication only if it concludes from clear and convincing evidence that:


 (1) the patient is under an order for temporary or extended mental health services under
Section 574.034 or 574.035;

 

 (2) the patient lacks the capacity to make a decision regarding the administration of the
proposed medication; and



 treatment with the proposed medication is in the best interest of the patient.



Tex. Health & Safety Code Ann. § 574.106(a) (Vernon Supp. 2002).

 "Clear and convincing evidence" is an intermediate standard, falling between the
preponderance of the evidence standard of ordinary civil proceedings and the reasonable doubt
standard of criminal proceedings. State v. Addington, 588 S.W.2d 569, 570 (Tex. 1979) (per
curiam). The Texas Supreme Court has defined "clear and convincing evidence" as "that degree of
proof which will produce in the mind of the trier of fact a firm belief or conviction as to the truth of
the allegations sought to be established." Addington, 588 S.W.2d at 570. The clear and convincing
standard does not alter the appropriate standard of review. In re Caballero, 53 S.W.3d 391, 395
(Tex. App.- Amarillo 2001, pet. denied). 


Standard of Review

 In reviewing a legal sufficiency or no evidence complaint, the appellate court must consider
only the evidence and inferences tending to support the challenged findings and disregard all
evidence and inferences to the contrary. If there is more than a scintilla of evidence to support the
challenged findings, the no evidence challenge fails. Leitch v. Hornsley, 935 S.W.2d 114, 118 (Tex.
1996). In the context of the State's heightened burden of proof in an involuntary medication case,
a no evidence challenge will be sustained if the evidence is insufficient to produce in the mind of the
factfinder a firm belief or conviction as to the truth of the facts. In re Breeden, 4 S.W.3d 782, 785
(Tex. App.- San Antonio 1999, no pet.).

The Evidence

 At the hearing, W.C.'s attorney stipulated that the medical records of Rusk State Hospital
were business records. The State's attorney agreed that was the stipulation of the parties. The court
then admitted something into evidence, although it is not clear from the record what those records
were. Dr. C. G. Plyler testified that he filed an application for an order to administer psychoactive
medication, and that he did so because "the patient" was suffering from a mental illness of schizo-affective disorder, bipolar type. 

 There is no doubt that W.C. was a patient at Rusk State Hospital, and that Dr. Plyler was his 
treating physician. However, there is no evidence at all that W.C. was subject to court-ordered
mental health services, either temporary or extended. We hold, therefore, that the criteria of Section
574.106(a) is not satisfied for involuntary medication. Accordingly, we sustain W.C.'s sole issue,
reverse the judgment of the trial court and render judgment denying court-ordered administration of
psychoactive medication. 

Opinion delivered July 31, in the Year of our Lord 2002.

Panel consisted of Gohmert, Jr., C.J., Worthen, J., and Griffith, J.

(DO NOT PUBLISH)